**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6836**

JAMES B. CURRY,

    Plaintiff - Appellant,

  v.

UNITED STATES SUPREME COURT; SCOTT S. HARRIS, Clerk of Court for Supreme Court of the United States,

    Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Aiken. Joseph F. Anderson, Jr., Senior District Judge. (1:16-cv-02733-JFA)

Submitted: December 20, 2019        Decided: January 31, 2020

Before GREGORY, Chief Judge, and WILKINSON and KEENAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

James B. Curry, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James B. Curry seeks to appeal the district court's order accepting the magistrate judge's recommendation and dismissing his civil complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) (2018). We dismiss the appeal as untimely.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on December 1, 2017. The notice of appeal was filed on June 3, 2019.[*] Because Curry failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal for lack of jurisdiction. We also deny Curry's motions to expedite and to compel and grant relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).